UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
CENTRAL DIVISION

| | | |
|---|---|---|
| SHARI L. NELSON, | * | CIV 10-3010-RAL |
| Plaintiff, | * | |
| vs. | * | OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |
| ACE STEEL AND RECYCLING, INC., a South Dakota Corporation, d/b/a COW COUNTRY EQUIPMENT, | * | |
| Defendant. | * | |

Plaintiff Shari L. Nelson sued Defendant Ace Steel and Recycling, Inc., a South Dakota Corporation, d/b/a Cow Country Equipment.[1] Doc. 1. Nelson's Complaint asserted claims for sexual harassment, constructive discharge, negligent hiring, negligent supervision, negligent retention, intentional infliction of emotional distress, negligent infliction of emotional distress, and punitive damages. Prior to filing her Complaint, Nelson had filed a charge with the United States Equal Employment Opportunity Commission and the South Dakota Division of Human Rights, which entities found probable cause to support Nelson's sexual harassment claims.

Nelson's claims arose out of her employment as a welder in the business operated under the name of Cow Country Equipment. Defendant Ace Steel and Recycling, Inc. ("Ace Steel") filed a motion for summary judgment, asserting that Ace Steel was not Plaintiff's employer and that the Cow Country Equipment operation did not have enough employees for Title VII to apply. Doc. 21. Ace Steel then argues that the absence of the viable Title VII claim deprives the Court of supplemental jurisdiction over the state law claims. Id. Nelson resists Defendant's motion for

---

[1] Plaintiff named the Defendant as "Ace Steel and Recycling, Inc., a South Dakota corporation, d/b/a Cow Country Equipment, Inc., a South Dakota corporation." Cow Country Equipment actually is a fictitious name used by Ace Steel and Recycling, Inc.; Cow Country Equipment is not a separate corporation or other legal entity.

summary judgment. Doc. 25. For the reasons explained in this Opinion and Order, this Court denies Defendant's motion for summary judgment.

## I. Material Facts Relevant to Summary Judgment Motion

Ace Steel is a South Dakota corporation, presently owned by Bill Huebner, Don Huebner, and Doreen Schonchenmaier. Doc. 20 at ¶ 7-8; Doc. 24 at ¶ 7-8; Doc. 1 at ¶ 4. Ace Steel is a wholesale distributor of carbon steel, angles, channels, flats, sheet, and plate. Doc. 20 at ¶ 9; Doc. 24 at ¶ 9. Ace Steel also operates a buy-back center, where it purchases aluminum, copper, lead, stainless steel, and scrap iron. Doc. 20 at ¶ 10-11; Doc. 24 at ¶ 10-11. The president and manager of Ace Steel is Bill Huebner. Doc. 20 at ¶ 12; Doc. 24 at ¶ 12. Ace Steel has two locations—one in Pierre, South Dakota, with six employees; and one in Rapid City, South Dakota, with more than 20 employees. Doc. 20 at ¶ 22; Doc. 24 at ¶ 22.

Ace Steel has what it considers to be "a wholly-owned subsidiary" called Cow Country Equipment. Doc. 20 at ¶ 15; Doc. 24 at ¶ 15. Cow Country Equipment is not incorporated, nor is it a separate legal entity from Ace Steel. Doc. 20 at ¶ 1; Doc. 24 at ¶ 1. Ace Steel filed a fictitious name statement with the South Dakota Secretary of State listing itself as the owner of "Cow Country Equipment." Despite having an unincorporated "wholly-owned subsidiary," Ace Steel disputes that it does business as Cow Country Equipment. Doc. 20 at ¶ 3. Nelson maintains that Ace Steel in fact does business as Cow Country Equipment. Doc. 24 at ¶ 3; Doc. 1 at ¶ 4.

The Cow Country Equipment "subsidiary" of Ace Steel manufactures farm and ranch equipment. Doc. 20 at ¶ 17; Doc. 24 at ¶ 17. Don Huebner, a one-third owner of Ace Steel, manages Cow Country Equipment. Doc. 20 at ¶ 7-8, 16; Doc. 24 ¶ 7-8, 17. According to Nelson, Bill Huebner, another one-third shareholder, also acts in a management capacity with Cow Country

Equipment. Doc. 24 at ¶ 16. Cow Country Equipment does not have an operation in Pierre, but rather operates exclusively from Rapid City. Doc. 20 at ¶ 23; Doc. 24 at ¶ 23.

Nelson worked as a welder in the Cow Country Equipment "subsidiary" from February 15, 2009, until May 13, 2009. She was the only female welder employed there. Nelson's direct supervisor, Walt Whittemore, allegedly sexually harassed Nelson, allegedly retaliated against Nelson when she reported the behavior, and allegedly made Nelson's work environment so intolerable as to result in a constructive discharge. Doc. 1. Defendant contests those allegations. Doc. 6.

According to Nelson, when she was hired, Ace Steel held itself out as Nelson's actual employer by characterizing itself as doing business as Cow Country Equipment. Nelson received documentation from her employer stating that "everyone who works at Cow Country is really working for Ace Steel & Recycling." Doc. 24 at ¶ 24. Nelson points to payroll stubs, a W-2 form, unemployment insurance, Social Security and federal tax withholding and the like, all falling under the Ace Steel umbrella. Id. The employment application, safety handbook, and paperwork received by Nelson near the time of her start of employment all indicated either that Ace Steel was her employer or that Ace Steel was doing business as Cow Country Equipment. Id. During the time of her employment, the Cow Country Equipment operation had just nine employees. Doc. 20 at ¶ 25; Doc. 24 at ¶ 25.

Ace Steel admits that payroll checks to Nelson read "Ace Steel & Recycling/Cow Country Equipment." Doc. 20 at ¶ 19; Doc. 24 at ¶ 19. Ace Steel avers that payroll for both companies, among other things, was done together for convenience, and that the person who did the bookkeeping separated out the payroll for Ace Steel and its Cow Country Equipment "subsidiary,"

3

and paid the bills for the operations separately. Doc. 20 at ¶ 18, 21; Doc. 24 at ¶ 18, 21. Ace Steel points to separate weekly safety meetings at Cow Country Equipment, although those employees working for the Cow Country Equipment operation joined with other Ace Steel employees for a monthly safety meeting. Doc. 20 at ¶ 30; Doc. 24 at ¶ 30. Ace Steel characterizes the Cow Country Equipment operation as being, "for all practical purposes," an entirely different business, using different invoices. Doc. 20 at ¶ 24, 27; Doc. 24 at ¶ 24, 27. Ace Steel accordingly asserts that Cow Country Equipment alone was Nelson's employer and that Cow Country Equipment had fewer than 15 employees, thus rendering Title VII inapplicable. See 42 U.S.C. § 2000e(b).

## II. Discussion

### A. Summary Judgment Standard

Under Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment is proper when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Summary judgment is not "a disfavored procedural shortcut, but rather . . . an integral part of the Federal Rules as a whole." Celotex Corp. v. Catrett, 477 U.S. 317, 327 (1986). On summary judgment, the evidence is "viewed in the light most favorable to the non-moving party." True v. Nebraska, 612 F.3d 676, 679 (8th Cir. 2010). A party opposing a properly made and supported motion for summary judgment must cite to particular materials in the record supporting the assertion that a fact is genuinely disputed. Fed. R. Civ. P. 56(c)(1); Adam v. Stonebridge Life Ins. Co., 612 F.3d 967, 971 (8th Cir. 2010).

### B. Legal Question Presented

Defendant's motion for summary judgment turns on whether Nelson's employer had fewer than 15 employees. Ace Steel, including its Cow Country Equipment "subsidiary," had more than

4

15 employees throughout the time of Nelson's employment, but fewer than 15 of those worked in the segment of the business that Defendant calls Cow Country Equipment.

Cow Country Equipment is not a separate legal entity from Ace Steel, but is a fictitious name registered by Ace Steel through filing a fictitious name statement with the South Dakota Secretary of State. Doc. 22, Attachment 1. In the fictitious name statement, the owner name is listed as Ace Steel & Recycle. Id. There exists no question that Ace Steel operates Cow Country Equipment, with the parties disagreeing on whether Cow Country Equipment is a d/b/a for Ace Steel or a "separate subsidiary" of Ace Steel.

"When a corporation does business under another name, it does not create a distinct entity." 18 C.J.S. Corps. § 133 (2011); see also 18A Am. Jur. 2d Corps. § 236 ("A corporation's use of a fictitious or assumed business name. . . does not create a legal entity separate from the corporation.") That is, doing business under a fictitious name does not create an entity distinct from the person or entity operating the business. Duval v. Midwest Auto City, Inc., 425 F. Supp 1381, 1387 (D. Neb. 1977), aff'd 578 F.2d 721 (8th Cir. 1978). Nothing in S.D. Codified Laws ("SDCL") 37-11, the chapter under which Ace Steel made its fictitious name filings, contemplates that a fictitious name filing creates a new and separate legal entity. Ace Steel's use of the fictitious name Cow Country Equipment does not create an entity separate from Ace Steel.

There are two additional reasons why Cow Country Equipment should not be considered a distinct legal entity from Ace Steel thereby averting application of Title VII. First, if a business could categorize certain employees into an unincorporated "subsidiary" by merely using a fictitious name, businesses thereby could structure themselves in a way to avoid Title VII responsibility.[2]

---

[2] This Court is not implying that Ace Steel chose to do business as Cow Country Equipment in order to avoid application of Title VII. However, if this Court were to grant summary judgment

5

Second, there is no way for Nelson to sue or name Cow Country Equipment, given that it is merely an unincorporated fictitious entity, other than naming as the defendant Ace Steel and Recycling, Inc., d/b/a Cow Country Equipment. In its motion to dismiss, Ace Steel acknowledges that even if this Court were to grant summary judgment, Nelson has state law claims relating to her employment that she then would be left to pursue in state court. There would be no way for Nelson to pursue such state law claims, other than through a lawsuit where the defendant is Ace Steel and Recycling, Inc., d/b/a Cow Country Equipment. Nelson would have no way of serving a fictitious name, other than serving either the registered agent or an officer of Ace Steel. See SDCL § 15-6-4(d)(1). After all, it is Ace Steel that operates Cow Country Equipment and uses the fictitious name of Cow Country Equipment as part of its operations.

Ace Steel urges this Court to apply the test of whether Ace Steel and Cow Country Equipment are a single entity. See Pulitzer Publ'g Co. v. Nat'l Labors Relation Bd., 618 F.2d 1275, 1279 (8th Cir. 1980). When analyzing whether a parent company is an employer under Title VII, the United States Court of Appeals for the Eighth Circuit recognizes that the parent company is the actual employer if the parent company so dominates the subsidiary's operations that the two are one entity and therefore one employer, or if the parent company is linked to the alleged discrimination action because it controls "individual employment decisions." Brown v. Fred's, Inc., 494 F.3d 736, 739 (8th Cir. 2007). Factors under such an analysis include whether there is interrelation of operations, common management, centralized control of labor relations, and common ownership. Scheidecker v. Arvig Enter., Inc., 122 F. Supp. 2d, 1031, 1037 (D. Minn.

---

here, other businesses could be emboldened to use unincorporated subsidiaries with fictitious names as a way to separate their employees into groups smaller than fifteen each and thereby avert application of Title VII. Permitting this would subvert the intent of Congress for Title VII to apply to those employers with fifteen or more employees.

6

2000). In general, "liberal construction is . . . to be given to the definition of 'employer'" under Title VII. Sandoval v. Am. Bldg. Maint. Indus., Inc., 578 F.3d 787, 793 (8th Cir. 2009).

Under the circumstances of this case, even if this Court were to consider Cow Country Equipment to be a separate subsidiary and legal entity apart from Ace Steel, the circumstances of the operation indicate a single entity, or at a minimum a genuine issue of material fact as to whether there is a single entity. After all, Nelson was given information that "everyone that works at Cow Country is really working for Ace Steel," and was provided payroll and other employment information indicating that the entity for which she worked was "Ace Steel & Recycling/Cow Country Equipment," or Ace Steel doing business as Cow Country Equipment.

### III. Conclusion

For the reasons contained in the Opinion and Order, it is hereby

ORDERED that Defendant's Motion to Dismiss (Doc. 19) is denied. It is further

ORDERED that all future pleadings refer in the caption of the case to the Defendant by its proper name—Ace Steel and Recycling, Inc., a South Dakota corporation, d/b/a Cow Country Equipment.

Dated February 1, 2012.

BY THE COURT:

_____
ROBERTO A. LANGE
UNITED STATES DISTRICT JUDGE